Rhonda K. Wood, Justice, concurring in part and dissenting in part.
Zinger v. State established the standard for admission of evidence of a crime committed by someone other than the defendant that is similar to the crime for which the defendant stands trial. 313 Ark. 70, 75, 852 S.W.2d 320, 323 (1993). In fact, the court titled the section in Zinger as "5. Similar crime." Id. This is not a Zinger case.
Here, Barefield attempted to introduce patterns of headlights and flashlights at the salvage yard after he left on the night of the murders and photographs of footprints law enforcement had taken at the scene. Defense counsel also attempted to cross-examine several of the State's witnesses, including Karl Lunsford, Officer Reinold, and Investigator Hill, about their investigations, or lack of, into other individuals with a possible motive to harm the victims. Through this evidence and testimony, Barefield sought to challenge the thoroughness of the police investigation into other suspects. He was not comparing these murders to another murder clearly committed by someone else. Therefore, it was improper to exclude this evidence and testimony under Zinger . For this reason, I concur in part and dissent in part.
Womack, J., joins.
Josephine Linker Hart, Justice, dissenting.
The primary issue in this case is the systematic deprivation of Mr. Barefield's constitutional right to put on a defense. The circuit court's evidentiary rulings were merely the means to accomplish this end.
The State convicted Mr. Barefield with only circumstantial evidence. It is axiomatic that circumstantial evidence may provide the basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion E.g. , Edmond v. State , 351 Ark. 495, 95 S.W.3d 789 (2003). Accordingly, the case before us must be reversed because Mr. Barefield was deprived of his right to present to the jury evidence that could support a reasonable alternative theory of who committed the murders. It *150 is the very theory of Mr. Barefield's defense that makes the evidence that he proffered highly relevant. The majority's failure to acknowledge this crucial fact has skewed all of its analysis.
The majority cites the relevant cases but fails to apply the law to the facts of this case. Thus, while it is true, as the majority notes, that "the Constitution permits the exclusion of evidence that is repetitive, only marginally relevant, or poses an undue risk of harassment, prejudice, or confusion of the issues," none of these concerns factor into the evidence that Mr. Barefield proffered. The majority proves this point by utterly failing to state how the proffered evidence fit any of these categories. In fact, it was not repetitive -even the footprint photos were independently relevant; it was not marginally relevant -the proffered evidence was the basis of Mr. Barefield's defense; and the proffered evidence did not pose any risk, much less an undue risk, of harassment, prejudice, or confusion of the issues. Likewise, the majority is correct when it states that when "properly applied ," Zinger prohibits evidence of third-party guilt that is "irrelevant or which is relevant but substantially outweighed by the danger of unfair prejudice or confusion because it is not sufficiently linked to the crime in question." However, in the case before us, the proffered evidence was linked to the crime in question. Mr. Barefield identified a particular suspect, a motive for committing the murders, and evidence tending to show the presence of individuals other than Mr. Barefield at and around the crime scene near the time of the murders.
Certainly the "link" in the case before us is at least as substantial as the "link" in Harmon v. State , 2014 Ark. 391, 441 S.W.3d 891, where this court reversed a murder conviction because the circuit court excluded unidentified DNA evidence found on clothing items that also included Harmon's DNA. In Harmon , the alternative suspect was merely identified by Harmon, who claimed that he lent him his car on the night of the murder.
Our system of justice depends on adversary proceedings in which both sides must be allowed to present proof, subject only to the limitations set by our rules of evidence. When one side is prevented from fully presenting its case, we cannot have confidence in the outcome of the trial. I would reverse and remand this case for a new trial.
I respectfully dissent.